IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM JOSEPH DOWNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-395-RAH-SMD |
| ) | (WO) |
| CHRISTOPHER SPEAKS, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

William Joseph Downing, an indigent inmate at the Chilton County Jail, filed this 42 U.S.C. § 1983 action against District Judge Christopher Speaks, alleging that Judge Speaks violated his civil rights during a video hearing on his motion for reinstatement of bond in his criminal case and for placement in an inpatient rehabilitation program. Doc. 1. After review of the complaint, the Magistrate Judge finds this case is due to be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

**II.   DISCUSSION**

**A.   Standard of Review**

This court must dismiss an inmate complaint, or any portion thereof, that it finds (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) and § 1915A(b)(1), (2). Under § 1915(e)(2)(B)(i) and § 1915A(b)(1), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim is frivolous where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense (such as the statute of limitations) would defeat the claim, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

### B. Downing's Complaint

Downing claims that Judge Speaks engaged in "verbal discrimination and unethical conduct/slander" during a February 2023 video hearing at which Downing moved for reinstatement of the bond in his criminal case and sought permission to enter an impatient rehabilitation program. Doc. 1 at 2–3. According to Downing, Judge Speaks responded to his motion by stating at the hearing "that I looked like I would walk in the front door of the rehab and out the back; also comparing me to another inmate[,] resulting in a denial of my motion." *Id*. at 3. Downing says that Judge Speaks's comments and conduct violated his civil rights "under grounds of discrimination." *Id*. at 4. He seeks money damages.

### C. Judicial Immunity

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotation omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. In determining whether a judge acted within his judicial capacity, courts consider whether the act (1) "constituted a normal judicial function"; (2) "occurred in the judge's chambers or in open court"; (3) "involved a case pending before

the judge"; and (4) whether "the confrontation arose immediately out of a visit to the judge in his official capacity." *Id.*

The alleged comments and conduct by Judge Speaks occurred as part of a normal state court proceeding, a video hearing, conducted in relation to a case before him and arose immediately out of Downing's interaction with Judge Speaks acting in his official capacity. While Judge Speaks's comments to Downing may have been critical, they were not egregious, and they were given as his rationale for denying Downing's motion to reinstate bond and be placed in a rehabilitation program  Judge Speaks's denial of Downing's motion was clearly an act within his judicial capacity. Nothing in Downing's complaint supports an implicit assertion that Judge Speaks's actions were taken in the complete absence of all jurisdiction. Thus, Judge Speaks is immune from civil liability damages and Downing's complaint is frivolous. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (judge entitled to immunity where he was not acting in the clear absence of all jurisdiction, even if plaintiff alleges judge's action was erroneous, malicious, or without authority).

Accordingly, Downing's complaint is due to be dismissed under § 1915(e)(2)(B)(i), (iii) and §1915A(b)(1), (2).

### III.   CONCLUSION

The Magistrate Judge therefore RECOMMENDS that Downing's complaint be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i), (iii) and § 1915A(b)(1), (2).

It is further ORDERED that by **October 22, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal

3

conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and is therefore not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of October, 2024.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE